Citation Nr: 1527832 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 13-18 642A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to an evaluation in excess of 20 percent for diabetes mellitus type II.


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Crii Spears-De Leo, Associate Counsel



REMAND

The Veteran served on active duty from March 1948 to March 1954, and from February 1957 to February 1972.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an October 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. (This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) 
(West 2014).)

When the Veteran filed his substantive appeal following issuance of a May 2013 statement of the case, he requested a Board hearing. The hearing request was later withdrawn in September 2014. 

In October 2014, the Board remanded this case for additional development, to include scheduling the Veteran for a VA examination. The Board remand directives requested that the VA examiner address the Veteran's contentions that various other health issues were complications of his diabetes. Thereafter, the remand instructed the agency of original jurisdiction (AOJ) to readjudicate the Veteran's claim based on the entirety of the evidence. 

The Veteran's service-connected diabetes has been rated under DC 7913, Endocrine System. 38 C.F.R. § 4.119, DC 7913. Under DC 7913, a 20 percent rating is warranted for diabetes mellitus that requires insulin and a restricted diet, or; an oral hypoglycemic agent and a restricted diet. A higher evaluation is warranted when diabetes requires insulin, a restricted diet, and regulation of activities. Note (1) to DC 7913 provides that compensable complications of diabetes should be evaluated separately unless they are part of the criteria used to support a 100 percent evaluation. Non-compensable complications are considered part of the diabetic process. See 38 C.F.R. § 4.119, DC 7913, Note (1) (2014).

Pursuant to the Board's remand, in October 2014, the Veteran was afforded a VA examination to evaluate the severity of his diabetes. The VA examiner found that coronary artery disease, peripheral vascular disease, and gangrene of the left foot, status-post transmetatarsal amputation were at least as likely as not (at least 50 percent probability) permanently aggravated by diabetes. Additionally, the examiner identified renal dysfunction as a complication of diabetes.

In this regard, the Board notes that following the October 2014 VA examination, in March 2015, the AOJ issued a supplemental statement of the case denying entitlement to a higher evaluation for diabetes mellitus. In considering the Veteran's disability rating for diabetes, the AOJ did not address any complications as noted in the October 2014 VA examination report and whether any such difficulties should be separately rated in accordance with Note (1), Diagnostic Code 7913. As already noted, complications of diabetes mellitus are to be evaluated separately unless they are part of the criteria used to support a 100 percent evaluation. Noncompensable complications are considered part of the diabetic process. 38 C.F.R. § 4.119, DC 7913 at Note 1. (The Board recognizes that service connection has previously been denied for ischemic heart disease, vision problems, and hypertension. Nevertheless, given the October 2014 examination report, analysis of the current claim for a higher rating requires consideration of this recent evidence that purports to identify specific complications, such as nephropathy.)

A remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). The Board therefore finds that a remand is necessary in order to complete the development that was directed but not fully accomplished following the October 2014 remand. 

Pertinent medical evidence of record includes treatment records from Miami VA Medical Center dated from April 2009 to November 2014. A July 2013 VA treatment record shows the Veteran's medication was adjusted to treat diabetes.

A July 2013 VA cardiology note indicates that the Veteran's diabetes mellitus was "poorly controlled." The examiner also noted that the he had "significant CAD and peripheral vascular disease. It was also noted that during the previous clinic visit the Veteran was short of breath after walking 1/4 a block. Upon examination, however he was able to walk 1/2 a block prior to dyspnea. The examiner noted that diabetes mellitus was treated with 15 units of lantus daily and that oral medication of metformin was discontinued on June 5, 2013. Additionally, the Veteran's metoprolol dosage was increased to 50mg twice daily to treat symptoms.

A December 2013 VA podiatry note shows the Veteran was treated in the emergency room for gangrene in the first and fifth digits of the right foot.

In December 2013, the Veteran's daily insulin treatment was decreased from 25 units to 20 units.

A January 2014 and February 2014 VA treatment record shows the Veteran was treated for gangrene of multiple toes on both feet. The Veteran's gait was noted as unsteady and he ambulated by use of wheelchair. A fall risk assessment was performed and the Veteran's score was 70, indicative of high risk for falls.

A January 2014 VA treatment record reflects diagnoses for hypertensive heart disease, coronary artery disease, moderate aortic stenosis, chronic kidney disease, and peripheral neuropathy.

An August 2014 VA treatment record shows the Veteran was treated for a foot infection. 

Another August 2014 VA treatment record shows the Veteran underwent metatarsal amputation of the left foot. Treatment records consistently note poor circulation, infection and poor blood supply in the left foot.

Finally, the Board notes that the medical evidence of record, most recently a November 2014 VA treatment record, consistently documents that the Veteran ambulates using a wheelchair, and that he has an unsteady gait status-post transmetatarsal amputation. Additionally, the October 2014 VA examiner found that the Veteran's amputation was due to a vascular condition and that he used several assistive devices to include constant use of a wheelchair and regular use of a brace, cane, and walker. As such, on remand, an addendum opinion is required to address the extent to which all of the Veteran's symptoms of diabetes mellitus and complications thereof impact his occupational functioning and activities of daily living, to include the Veteran's reported symptoms of pain on walking, fatigue, and shortness of breath. Accordingly, the VA examiner must also provide an opinion as to whether or not the Veteran's conditions require regulation of activities (avoidance of strenuous occupational and recreational activities).

Accordingly, the case is REMANDED for the following action:

1. Return the claims file to the October 2014 VA examiner to obtain an addendum opinion. The records contained in the Virtual VA system and VBMS, must be provided to the examiner for review, including a copy of this remand, in conjunction with the requested opinion. 
If that VA examiner is unavailable, provide the claims file, including a copy of this remand, to an appropriate VA physician for the opinion.

After reviewing the claims file, the reviewer should specifically opine as to whether the Veteran's diabetes mellitus and complications thereof impact his occupational functioning and activities of daily living, to include a regulation of activities as part of his diabetic care. The reviewer must also consider the Veteran's lay statements of record. 

If the reviewer determines that he/she cannot provide an opinion on the issue at hand without resorting to speculation, the reviewer should explain the inability to provide an opinion, and identifying precisely what facts could not be determined. In particular, he/she should comment on whether an opinion could not be provided because the limits of medical knowledge have been exhausted or whether additional testing or information could be obtained that would lead to a conclusive opinion. 

The examiner must provide a rationale for each opinion expressed. If an opinion cannot be made without resort to speculation, the examiner must provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made. 

2. After undertaking any additional development deemed necessary, the AOJ must readjudicate the issue on appeal. The AOJ should consider all of the evidence of record to include the October 2014 VA examiner's opinion that diabetic nephropathy and renal dysfunction were caused by the Veteran's diabetes mellitus, and also that diabetes mellitus permanently aggravated a cardiac condition, peripheral vascular disease, and gangrene of the left foot, status-post transmetatarsal amputation.

Specifically, the AOJ must address which conditions are considered complications of the Veteran's service-connected diabetes mellitus and the overall effect of each complication, to include regulation of activities (avoidance of strenuous occupational and recreational activities). 

3. After undertaking any additional development deemed appropriate, the originating agency should re-adjudicate the issue on appeal. If a benefit sought is not granted, a supplemental statement of the case should be issued. The Veteran and his representative should be given opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This case must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



________________________________
MARK F. HALSEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).